IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KUSHAL KALPAN SHAH, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 08-756-JJF |
| MICHAEL V. GILBERTI and SHERIDEN T. BLACK, | : |
| Defendants. | : |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion For The Appointment Of Counsel and supporting memorandum. (D.I. 5.) For the reasons discussed, the Motion will be denied without prejudice.

**I.  BACKGROUND**

Plaintiff Kushal Kalpan, who appears pro se, is an inmate at the James T. Vaughn Correctional Center, Smryna, Delaware. He filed this civil rights action pursuant to 42 U.S.C. § 1983 against attorney who represented him in his habeas corpus and post-conviction petition cases. Plaintiff has paid the filing fee. Service was unsuccessfully attempted upon one of the defendants. (D.I. 6.) Plaintiff requests counsel to assist with service.

**II.  DISCUSSION**

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v.

Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be appropriate under certain circumstances, if the Court finds that Plaintiff's claim has arguable merit in fact and law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

Plaintiff alleges that Defendants, private attorneys, violated his right to due process under the Fourteenth Amendment. Plaintiff's claims, however, have no arguable merit in fact and law. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Moore v. Tartler, 986 F.2d 682, 685 (3d Cir.1993). A private attorney is not considered a state actor.[1] Therefore, the Court will deny without prejudice the request for counsel.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Letter/Request For Counsel (D.I. 5) is **DENIED** without prejudice.

_1-28-09_
DATE

_[signature]_
UNITED STATES DISTRICT JUDGE

---

[1] Similarly, public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings Polk County v. Dodson, 454 U.S. 312 (1981); Harmon v. Delaware Secretary of State, 154 Fed. Appx. 283, 284-85 (3d Cir. 2005).